# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

|  |  |
|---|---|
| ADELINE CLARK, AMANDA ARANA, AMY JO DOLAN, ANGELLA FARNAN, BARB DANNER, BOBBI CLOSE, CARA STEWART, CAROLINE GAGNE, CHRISTI JENKINS, CHRISTINE KERNEN, CHRISTOPHER BEGNAUD, CIBELLE MCDONALD, CINDI FANELLI, CLARA MCKEE, CONNIE WERTZBAUGHER, COURTNEY TURNER, CYNTHIA SOUTH, DANA WIPFF, DAROL GLASSCOCK, DAVID JELINEK, DAWN SHOBE, DEBBIE BRIMMERMAN, DENIS GERDES, DONALD MOORE, DYMETRA MCCASKILL, ELLEN HAMOR, ERIN BARBER, FAITH FRANCE, GLADYS SIMS, GLEN JOSANG, HOLLY DETLEF, JACQUELINE ACREE, JAIMIE SAVOR, JAMES YOUNG, JENNA BELDYGA, JENNIE BENISH, JENNY GUZZO, JERRY JOHNSON, JESSICA ARMSTRONG, JESSICA HEALY, JOCELYN MCCASKILL, JOHN MILLER, JONATHAN FERGUSON, KAREN HAW, KATHLEEN ARNOLD, KERRI WRIGHT, LAURA HAMLIN, LAURA SULLIVAN, LEVI WITTHUHN, LINDA HENDERSON, LINDA KELLERMAN, LUCAS THOMPSON, MARY CARWILE, MELISSA DAHLMAN, MIKE SELLERS, NANCY POFFEL, NELSON MIRANDA, NICOLE LALLIER, RANDOLPH AUCONE, RASHAD OWENS, RENATE MCCONATHY-EGGIMANN, RHONDA NEMBHARD, RITA CONCA, ROBERT BAKER, ROSEMARY LINDSEY, ROSS MILLER, SARAH DINKELMAN, SHANYN KIESLER, SHERRY HARRIMAN, STACY CARTER, STEVEN SHAW, STEVEN SUBLETT, SUSAN | No. **COMPLAINT** |

MEANS, TAMARA STEWART, TAMMY
KALLSEN, VICTORIA MARTINEZ,
ZACHARY DAVIS, ZEINAB SALAH,
PAULA LUCE, MEGAN PURKIS, AIMEE
CULLER ROSS, JUDY SUTTON, CINDY
SARVER, TIFFANY-BLUE-DIAZ,
CAROLINE LEREW, KIRA CARTAGENA,
DEBRA BOWMAN, SUSAN CADY, LISA
HERRMANN, REBEKAH GRIM, LINDA
JEPSEN, MELODY FILAREY, TRACY
CONNOLLY, PAIGE GERLACH
CHUMBLEY, ARIANNA GROVEN,
DENISE A. SMITH, DIANE KING,
SUZANNE BODNAR-JACKSON &
HEATHER HUNT,

    Plaintiffs,

vs.

FRONTIER AIRLINES, INC.

    Defendant.

## COMPLAINT

Comes now the Plaintiffs, ADELINE CLARK, AMANDA ARANA, AMY JO DOLAN,
ANGELLA FARNAN, BARB DANNER, BOBBI CLOSE, CARA STEWART, CAROLINE
GAGNE, CHRISTI JENKINS, CHRISTINE KERNEN, CHRISTOPHER BEGNAUD,
CIBELLE MCDONALD, CINDI FANELLI, CLARA MCKEE, CONNIE WERTZBAUGHER,
COURTNEY TURNER, CYNTHIA SOUTH, DANA WIPFF, DAROL GLASSCOCK, DAVID
JELINEK, DAWN SHOBE, DEBBIE BRIMMERMAN, DENIS GERDES, DONALD MOORE,
DYMETRA MCCASKILL, ELLEN HAMOR, ERIN BARBER, FAITH FRANCE, GLADYS
SIMS, GLEN JOSANG, HOLLY DETLEF, JACQUELINE ACREE, JAIMIE SAVOR, JAMES
YOUNG, JENNA BELDYGA, JENNIE BENISH, JENNY GUZZO, JERRY JOHNSON,
JESSICA ARMSTRONG, JESSICA HEALY, JOCELYN MCCASKILL, JOHN MILLER,
JONATHAN FERGUSON, KAREN HAW, KATHLEEN ARNOLD, KERRI WRIGHT,
LAURA HAMLIN, LAURA SULLIVAN, LEVI WITTHUHN, LINDA HENDERSON, LINDA
KELLERMAN, LUCAS THOMPSON, MARY CARWILE, MELISSA DAHLMAN, MIKE
SELLERS, NANCY POFFEL, NELSON MIRANDA, NICOLE LALLIER, RANDOLPH
AUCONE, RASHAD OWENS, RENATE MCCONATHY-EGGIMANN, RHONDA
NEMBHARD, RITA CONCA, ROBERT BAKER, ROSEMARY LINDSEY, ROSS MILLER,
SARAH DINKELMAN, SHANYN KIESLER, SHERRY HARRIMAN, STACY CARTER,

STEVEN SHAW, STEVEN SUBLETT, SUSAN MEANS, TAMARA STEWART, TAMMY
KALLSEN, VICTORIA MARTINEZ, ZACHARY DAVIS, ZEINAB SALAH, PAULA LUCE,
MEGAN PURKIS, AIMEE CULLER ROSS, JUDY SUTTON, CINDY SARVER, TIFFANY-
BLUE-DIAZ, CAROLINE LEREW, KIRA CARTAGENA, DEBRA BOWMAN, SUSAN
CADY, LISA HERRMANN, REBEKAH GRIM, LINDA JEPSEN, MELODY FILAREY,
TRACY CONNOLLY, PAIGE GERLACH CHUMBLEY, ARIANNA GROVEN, DENISE A.
SMITH, DIANE KING, SUZANNE BODNAR-JACKSON & HEATHER HUNT, (hereinafter
collectively "Plaintiffs") by and through their attorneys, Kellie L. Paschke of Skinner & Paschke,
PLLC and Jason D. Walke of Walke Law, LLC and complaining against Defendant, FRONTIER
AIRLINES, INC., (hereinafter "Frontier") and state as follows:

## THE PARTIES

1.      The Plaintiffs were previously employed by Frontier Airlines as flight attendants
and are individuals who reside in various states including the following:  Texas, Colorado,
Minnesota, Washington, Massachusetts, Georgia, Arizona, Wisconsin, Nevada, Oregon, Florida,
Illinois, Montana, Virginia, California, Ohio, and Oklahoma.

2.      Defendant Frontier Airlines, Inc. is a Delaware corporation with its principal
place of business located at Frontier Center One, 7001 Tower Road, Denver, CO 80249 and is
authorized to transact business in the State of Iowa, pursuant to a Certificate of Authority
(#351804) filed with the Iowa Secretary of State.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction to hear the claims asserted pursuant to 28 U.S.C. §
1337(a) as this matter arises under an "Act of Congress regulating commerce," specifically the
Railway Labor Act ("RLA"), 45 U.S.C. § 151 et seq.

4.      This Court is the proper venue for this lawsuit in that pertinent facts giving rise to
this lawsuit occurred in the State of Iowa.

## FACTUAL HISTORY

5.      Defendant Frontier Airlines was and is a "carrier" within the meaning of the RLA,
45 U.S.C. § 151 First and § 181.

3

6.     Defendant Frontier Airlines is a Party and/or is bound to the collective

bargaining agreement ("CBA") negotiated between Defendant and the Association of Flight

Attendants – CWA ("Union") dated October 14, 2011.

7.     The CBA included Article 24A, which provided as follows:

**ARTICLE 24 EQUITY, PROFIT-SHARING, AND WAGE & BENEFIT
SNAPBACKS**

    **A.   EQUITY PARTICIPATION** Flight Attendants will be entitled
to equity in the Company (the "Equity Participation") as described
herein:

       1.   The value of the Equity Participation is $16.0 million.

       2.   The Equity Participation value will be converted to first dollar
equity in the Company at a ratio of the greater of $0.18 per
dollar of new equity invested in the Company, or any higher
rate offered to any other key stakeholder in the restructuring
process.

       3.   The terms of the Equity Participation by and for the benefit of
the Participating Flight Attendants will be equal to the terms
obtained by a third party investor in an Equity Event or, if the
Equity Event is a public offering of securities in the Company,
the form of securities offered in the public offering.

       4.   Other minority investor rights by and for the benefit of the
Participating Flight Attendants will be negotiated, including
tagalong rights and customary drag along rights.

       5.   Vesting: The Equity Participation will vest in proportion to the
actual Investments as set forth in the letter dated October 11,
2011 between the Company and the Union entitled "Flight
Attendant Restructuring Investments". To the extent the
Investments as set forth in the referenced letter cease or are not
made, the value of the Equity Participation in Paragraph A.1.a
above will be reduced by the net present value discount rate of
15%.

8.     The CBA also included Article 24D, which stated:

    **D.   ADDITIONAL PROVISIONS** Equity Participation as set forth in
Paragraph A above and participation in the PSP as set forth in Paragraph B

above, will be exclusively for Frontier Flight Attendants on the Frontier Flight Attendant Seniority List as of January 1, 2012. This exclusion includes anyone who changes Class and Craft as outlined in Article 10 Seniority of this Agreement.  (See Article 24 attached hereto.)

9.      The purpose of Article 24 was to provide compensation to these flights attendants for restructuring investments ("Concessions") being made by them, as described in a letter dated October 11, 2011. (See Letter dated October 11, 2011 attached hereto.)

10.      Each of the Plaintiffs was on the Frontier Flight Attendant Seniority List as of January 1, 2012 and, therefore, became entitled to Equity Participation.

11.      After January 1, 2012, but before March 15, 2017, each Plaintiff left their employment with Frontier.

12.      On March 15, 2017, Frontier and the Union signed a Letter of Agreement ("Agreement") to modify/amend the CBA.  The terms of the Agreement required Frontier to pay $40 million dollars to satisfy the Equity Participation provision of Article 24A ("Equity Payment").

13.      The Agreement further specified that the Union would have sole authority to determine which flight attendants on the seniority list would be eligible for a share of the Equity Payment.

14.      Despite the clear and obvious meaning of Article 24D, which required only that a flight attendant be on the seniority list "as of January 1, 2012", the Union determined that a flight attendant must also be "continuously employed" with Frontier through March 15, 2017 in order to be eligible for an Equity Payment.

15.      The Plaintiffs were denied any share of the Equity Payment because they left employment with Frontier prior to March 15, 2017.

5

16.     On May 25, 2017 and June 13, 2017, the Plaintiffs filed a Grievance with Frontier, through their undersigned counsel, alleging they were entitled to a share of the Equity Payment due to their placement on the flight attendant seniority list as of January 1, 2012.

17.     Frontier held a telephonic hearing on June 20, 2017, and issued a denial of the consolidated grievances on June 30, 2017.  Thereafter, the Plaintiffs timely appealed their denial to the System Board of Adjustment.

18.     Hearing was held before the System Board of Adjustment on March 20, 2018. The Board included three members who were chosen by Frontier Airline and AFA-CWA. Plaintiffs were not permitted to appoint a representative to the Board.

19.     The System Board of Adjustment entered an Opinion and Award on October 23, 2018, denying Plaintiffs' grievance.

## COUNT I – BREACH OF COLLECTIVE BARGAINING AGREEMENT

20.     The Plaintiffs re-allege and incorporate by reference as though fully set forth herein paragraphs 1 through 19 above.

21.     Defendant Frontier Airlines breached the terms and conditions of the CBA by failing to provide Equity Payments to the Plaintiffs pursuant to Articles 24A and 24D.

22.     Articles 24A and 24D clearly state that the only requirement for Equity Participation is inclusion of the flight attendant on the seniority list "as of January 1, 2012". Each Plaintiff was on the seniority list on that date and, therefore had a vested interest in the Equity.

23.     Notably, the CBA does not state that "continuous employment" with Frontier is required to maintain eligibility for an Equity Payment.

24.     Further, requiring continuous employment is inconsistent with the stated purpose of the Equity Payment: to pay back Concessions to those flight attendants who gave them.

25.     Defendant's failure to make Equity Payments to Plaintiffs has caused significant financial harm, in sums to be determined at trial.

**WHERFORE**, the Plaintiffs request that this Court award the following damages against Defendant Frontier Airlines: (a) Order that Plaintiffs be eligible to receive Equity Payments in relation to their Concessions; (b) Damages for emotional distress and pain and suffering; (c) Attorney's fees and costs; (d) Prejudgment interest; (e) Such other and further relief this Court deems just, proper and equitable.

## COUNT II – PROMISSORY ESTOPPEL

26.     The Plaintiffs re-allege and incorporate by reference as though fully set forth herein paragraphs 1 through 25 above.

27.     As part of the negotiated CBA, Frontier represented to the Plaintiffs that they would be entitled to Equity Participation in exchange for Concessions made by the Plaintiffs. The value of this Equity Participation was to be determined by the amount of investment of any future investors, new equity, and/or public offerings.  (the "Equity Event").

28.     Upon the occurrence of an Equity Event, Frontier further represented that Plaintiffs would receive an Equity Payment.

29.     At no time did Frontier represent that Equity Payments would only be provided if Plaintiffs were "continuously employed" from January 1, 2012 through the time that the equity event occurred.

30.     Frontier made the promise contained in Paragraph 25 in writing, through Articles 24A and 24D of the CBA.

7

31.     Frontier made the promise of Equity Payments to the Plaintiffs for purposes of inducing the Plaintiffs to make Concessions.

32.     The Concessions made by Plaintiffs benefited Frontier by reducing their operating costs at a time when they were struggling financially.

33.     When Plaintiffs separated from employment with Frontier, they were not informed or advised that such separation would affect their ability to receive to Equity Payments for the Concessions they had made.

34.     Frontier knew and expected that the Plaintiffs would rely on the promise of Equity Payments in approving the CBA.

35.     Plaintiffs did rely on Frontier's promises in approving the CBA in 2011.

36.     Frontier's actions have caused harm to the Plaintiffs by failing to compensate them for their Concessions.

**WHEREFORE,** the Plaintiffs request that the Court enter an Order awarding them damages in an amount that will fully and fairly compensate them for the value of their Concessions; awarding them costs and attorney's fees they have incurred, and will incur, in pursuit of this matter; awarding them interest, as provided by law, on any amount awarded to them in this matter; taxing costs of this matter to the Defendant; and granting any such additional further relief as the Court deems appropriate on the premises.


## COUNT III – UNJUST ENRICHMENT

37.     The Plaintiffs re-allege and incorporate by reference as though fully set forth herein paragraphs 1 through 36 above.

38.     During the 2011 collective bargaining negotiations, Frontier requested the Plaintiffs make Concessions to assist the company in saving money on operating costs.

39.     The Plaintiffs made these Concessions beginning January 1, 2012 until their employment with Frontier ended.

40.     Frontier received the value of Plaintiffs' Concessions during their employment.

41.     By now refusing to compensate Plaintiffs for their Concessions, after they have been made, Frontier has been unjustly enriched.

**WHEREFORE,** the Plaintiffs request the Court enter an Order awarding them compensatory damages in an amount to be determined, including pre- and post-judgment interest; awarding them reasonable attorney fees and costs of suit; taxing costs of this matter to the Defendants; and granting such other and further relief as is just and proper under the circumstances.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues triable by right by a jury herein.

Respectfully submitted,

*/s/ Kellie L. Paschke*
Kellie L. Paschke AT# 0006038
SKINNER & PASCHKE, PLLC
204 West Hickman Road
Waukee, Iowa 50263
Telephone:    (515) 987-0022
Facsimile:     (515) 987-6972
E-Mail: kellie@splawiowa.com
E-Mail: beth@splawiowa.com

*/s/ Jason D. Walke*
Jason D. Walke, AT# 0008230
WALKE LAW, LLC
204 West Hickman Road
Waukee, IA  50263
Telephone:  (515) 421-4026
Facsimile:  (515) 216-2261
E-Mail:  jwalke@walkelaw.com
E-Mail:  nphifer@walkelaw.com

ATTORNEYS FOR PLAINTIFFS

## ARTICLE 24  EQUITY, PROFIT-SHARING, AND WAGE & BENEFIT SNAPBACKS

A.     **EQUITY PARTICIPATION**   Flight Attendants will be entitled to equity in the Company (the "Equity Participation") as described herein:

1.       The value of the Equity Participation is $16.0 million.

2.       The Equity Participation value will be converted to first dollar equity in the Company at a ratio of the greater of $0.18 per dollar of new equity invested in the Company, or any higher rate offered to any other key stakeholder in the restructuring process.

3.       The terms of the Equity Participation by and for the benefit of the Participating Flight Attendants will be equal to the terms obtained by a third party investor in an Equity Event or, if the Equity Event is a public offering of securities in the Company, the form of securities offered in the public offering.

4.       Other minority investor rights by and for the benefit of the Participating Flight Attendants will be negotiated, including tagalong rights and customary dragalong rights.

5.       Vesting: The Equity Participation will vest in proportion to the actual Investments as set forth in the letter dated October 11, 2011 between the Company and the Union entitled "Flight Attendant Restructuring Investments". To the extent the Investments as set forth in the referenced letter cease or are not made, the value of the Equity Participation in Paragraph A.1.a above will be reduced by the net present value discount rate of 15%

B.     **PROFIT SHARING PROGRAM.**   The Company has established a Profit Sharing Plan (the "PSP") for employees participating in the Company's restructuring efforts. According to the terms of the PSP, the Company will make contributions as follows:

1.       For pre-tax earnings greater than 2%, but less that 4% of total Company revenue, 50% will be contributed to the PSP.

2.       For pre-tax earnings greater than 4%, but less than 6% of total Company revenue, 25% will be contributed to the PSP.

3.       For pre-tax earnings greater than 6% of total Company revenue, 10% will be contributed to the PSP.

4.       50% of contributions to the PSP will be allocated to the Frontier

pilots and the remaining 50% will be allocated to the other participating Frontier employee groups in proportion to their contribution. The proportional share of the Flight Attendant group is 18% of the 50% share of the non-pilot groups.

5. The Company will distribute all profit sharing payments no later than April 30 of each year based on the audited results from the preceding calendar year.

## C. SNAPBACKS

1. The overtime threshold, per diem and holiday pay will be reinstated if the Company is profitable for two consecutive years with pretax profits in excess of 5%, after profit sharing.

2. The Company's matching contribution to the 401K Plan will be reinstated if the Company posts 2 straight years of pre-tax profits in excess of 5%, after profit sharing. The Company retains the right to restore the Company's matching contribution partially or fully in its discretion. Effective with the first paycheck in July 2016, the Company's matching contribution to the 401k Plan will be reinstated.

## D. ADDITIONAL PROVISIONS

Equity Participation as set forth in Paragraph A above and participation in the PSP as set forth in Paragraph B above, will be exclusively for Frontier Flight Attendants on the Frontier Flight Attendant Seniority List as of January 1, 2012. This exclusion includes anyone who changes Class and Craft as outlined in Article 10 Seniority of this Agreement.

**FRONTIER.**

Frontier Airlines, Inc.          P 720.374.4200          frontierairlines.com
Frontier Center One          F 720.374.4375
7001 Tower Road
Denver, CO 80249

October 11, 2011

Erika Schweitzer
AFA-CWA
MEC President
14209 East Arizona Avenue
Aurora, CO  80012

      Re:  *Flight Attendant Restructuring Investments*

Dear Erika:

The following memorializes the agreement between Frontier Airlines, Inc. (the "Company") and AFA-CWA regarding the Flight Attendant Restructuring Investments:

1. Effective January 1, 2012, all Longevity steps, for the purposes of pay rates only, will be frozen for one year (e.g. a Flight Attendant at a Step 6 and scheduled to go to a Step 7 on January 15, 2012, will remain at a Step 6 until January 15, 2013 at which time the Flight Attendant would progress to Step 7.  Thereafter the Flight Attendant would continue to move to the next Longevity step on each subsequent January 15th until January 15, 2016, at which time the original suspended step will "snap back" and be included in the Longevity calculation.)

2. Sick accruals will be reduced from ten days per year to 3.87 hours per month, with a sick hour replenishment plan.

3. Vacation credit reduced from a seniority-based credit per day to three hours per day, regardless of seniority.

4. Suspension of the Company's matching contribution to the 401k Plan. The Company's matching contribution to the 401K Plan will be reinstated if the Company posts 2 straight years of pre-tax profits in excess of 5%, after profit sharing. The Company retains the right to restore the Company's matching contribution partially or fully in its discretion. Effective with the first paycheck in July 2016, the Company's matching contribution to the 401k Plan will be reinstated.

5. Overtime threshold increased from 82 to 86 hours.

*A whole different animal.*

**FRONTIER**

Frontier Airlines, Inc.      P 720.374.4200      frontierairlines.com
Frontier Center One          F 720.374.4375
7001 Tower Road
Denver, CO 80249

6.    Paid Holidays reduced from seven to three, in exchange for two free
      roundtrip buddy passes (if the Flight Attendant actually works on the four
      holidays that were reduced).

7.    Reduction of per diem from $1.90/hour to $1.85/hour.

8.    Reinstatement of Longevity, overtime threshold, per diem and holiday pay
      if the Company is profitable for two consecutive years with pretax profits in
      excess of 5%, after profit sharing.

Sincerely,                                      Agreed to:

Jacalyn W. Peter                                Erika Schweitzer
Sr. Mgr., Labor Relations                       MEC President
Frontier Airlines, Inc.                         AFA-CWA

*A whole different animal.*