IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| ADELINE CLARK, *et. al*, | ) | Case No. 4:19-cv-00012-RP-CFB |
| | ) | |
| Plaintiffs, | ) | **MEMORANDUM IN SUPPORT OF** |
| | ) | **DEFENDANT FRONTIER** |
| v. | ) | **AIRLINES, INC.'S MOTION TO** |
| | ) | **DISMISS PLAINTIFFS'** |
| FRONTIER AIRLINES, INC., | ) | **COMPLAINT** |
| | ) | |
| Defendant. | ) | |

**TABLE OF CONTENTS**

TABLE OF CONTENTS ............................................................................................................. 1
INTRODUCTION ........................................................................................................................ 2
STATEMENT OF FACTS ........................................................................................................... 3
    A.    The Parties ............................................................................................................ 3
    B.    2011 Frontier-AFA Collective Bargaining Agreement and
           March 15, 2017 Letter Of Agreement.......................................................... 3
    C.    The Plaintiffs' Grievances Under the Collective Bargaining
           Agreement, and Their First Lawsuit ............................................................ 4
    D.    The Arbitration Board's Unanimous Decision Rejecting Plaintiffs'
           Claim ............................................................................................................ 5
    E.    The Plaintiffs' Second Lawsuit................................................................... 6
ARGUMENT ................................................................................................................................ 6
    I.    PLAINTIFFS' CLAIM FOR BREACH OF COLLECTIVE
        BARGAINING AGREEMENT SHOULD BE DISMISSED BECAUSE
        IT FAILS TO ALLEGE A BASIS FOR JUDICIAL REVIEW OF THE
        board's ARBITRATION decision. ....................................................... 8
    II.   PLAINTIFFS' EQUITABLE CLAIMS, FOR PROMISSORY ESTOPPEL
        AND UNJUST ENRICHMENT, SHOULD BE DISMISSED BECAUSE
        THERE WAS AN EXPRESS CONTRACT BETWEEN THE PARTIES. ........ 10
CONCLUSION ........................................................................................................................... 11

**INTRODUCTION**

Defendant Frontier Airlines, Inc. ("Frontier") moves to dismiss Plaintiffs' Complaint (ECF No. 1) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Plaintiffs, approximately 100 former Frontier flight attendants, filed a virtually identical Complaint in December of 2017 contending that Frontier had breached Article 24 of the collective bargaining agreement ("CBA") between Frontier and the Association of Flight Attendants-CWA (the "AFA") when, pursuant to a Letter of Agreement ("LOA") with the AFA, it paid approximately $40 million to currently-employed flight attendants, but did not make any payments to persons (like Plaintiffs) who were no longer employed by Frontier. Plaintiffs re-assert the same three claims here, for: (i) breach of collective bargaining agreement; (ii) promissory estoppel; and (iii) unjust enrichment. This Court correctly granted Frontier's motion to dismiss in the prior lawsuit, and should do so here as well.

Although not framed as such, Plaintiffs' Complaint in the present case is effectively a request for judicial review of the arbitration decision contemplated by the Court's dismissal of their prior lawsuit – an arbitration which Plaintiffs lost in resounding fashion. Unfortunately for Plaintiffs, the scope of judicial review of arbitration decisions under the Railway Labor Act ("RLA"), 45 U.S.C. §§ 151 *et seq.*, is "among the narrowest known to the law." *Union Pac. R.R. Co. v. Sheehan*, 439 U.S. 89, 91 (1978) (emphasis added; quotation marks omitted). Plaintiffs' Complaint in the instant case contains literally no allegations to support judicial review of the arbitration decision and, in fact, does not even recognize that the RLA prescribes standards for judicial review of such decisions. Accordingly, Plaintiffs' claim in Count I, for breach of collective bargaining agreement, should be dismissed for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs' derivative claims, for

promissory estoppel and unjust enrichment under Iowa law, should be dismissed because there was an express agreement (i.e., the CBA) between the parties covering the same subject matter as those two claims.

## STATEMENT OF FACTS[1]

### A.  The Parties

Frontier is a commercial airline and a "carrier" within the meaning of the RLA.  (*See* Compl. (ECF No. 1) ¶ 5.)  Plaintiffs are approximately 100 former Frontier flight attendants.  During at least part of their employment with Frontier, Plaintiffs (like all other Frontier flight attendants) were represented for collective bargaining purposes under the RLA by the AFA.  *See* 37 N.M.B. 202 (2010) (National Mediation Board certification of the AFA as the collective bargaining representative for Frontier's flight attendants).

### B.  2011 Frontier-AFA Collective Bargaining Agreement and March 15, 2017 Letter Of Agreement

On October 14, 2011, Frontier and the AFA entered into their first CBA.  (*See* Compl. ¶ 6.)  This CBA, among other things, memorialized certain cost concessions (known as the "Flight Attendant Restructuring Investments") which were applied to the flight attendant workforce and intended to ameliorate Frontier's then-current financial problems.  (*See id.* Ex. 2 at ECF pp. 13-14.)  Article 24 of the CBA (titled "Equity, Profit-Sharing, and Wage & Benefit Snapbacks") provided that "Flight attendants will be entitled to equity in the Company (the "Equity Participation") as described" in Article 24(A) and that "Equity Participation as set forth in Paragraph A . . . will be exclusively for Frontier Flight Attendants on the Frontier Flight

---

[1]  For purposes of this motion only, Frontier accepts as true the well-pleaded facts in Plaintiffs' Complaint.

3

Attendant Seniority List as of January 1, 2012." (*Id*. ¶¶ 7, 8.)  Each of the Plaintiffs was on the seniority list as of January 1, 2012, but left Frontier's employment prior to March 15, 2017.  (*Id*. ¶¶ 10, 11.)

On March 15, 2017, pursuant to the RLA, Frontier and the AFA entered into the LOA under which Frontier would pay $40 million in satisfaction of its obligations with respect to Equity Participation and Article 24A of the CBA.  (Compl. ¶ 12.)  The LOA specified further that "the Union would have sole authority to determine which flight attendants on the seniority list would be eligible for a share of the Equity Payment." (*Id*. ¶ 13.)  The AFA ultimately determined that only those Frontier flight attendants who were on the seniority list on both January 1, 2012 and March 15, 2017 would be eligible to receive a portion of the Company's $40 million payment.  (*Id*. ¶ 14.)  Because they had ceased their employment with Frontier before March 15, 2017, Plaintiffs did not receive a payment.  (*Id*. ¶ 15.)

      C.      **The Plaintiffs' Grievances Under the Collective Bargaining Agreement, and Their First Lawsuit**

In May and June of 2017, Plaintiffs filed grievances under the CBA, contending that they were "entitled to a share of the Equity Payment due to their placement on the flight attendant seniority list as of January 1, 2012." (Compl. ¶ 16.)  Frontier denied these grievances on June 30, 2017, and Plaintiffs thereafter appealed to the Frontier Flight Attendants' System Board of Adjustment.  (*Id*. ¶ 17.)

On December 28, 2017 (while their grievances were still pending), Plaintiffs filed a lawsuit in this Court against Frontier, asserting claims for breach of collective bargaining agreement, promissory estoppel, and unjust enrichment.  (Complaint, *Clark et al. v. Frontier Airlines, Inc.* ("*Clark I*"), No. 4:17-cv-00452-JEG-HCA (S.D. Iowa Dec. 28, 2017), ECF No. 1.)

All of Plaintiffs' claims were premised on their contention that they had a right to receive a payment under Article 24 of the CBA.  Frontier filed a motion to dismiss on April 12, 2018.  Ultimately, upon Frontier's motion, the Court dismissed Plaintiffs' claim for breach of collective bargaining agreement because the claim constituted a "minor dispute" under the RLA over which the Court lacked subject-matter jurisdiction.  (Report and Recommendation on Defendant's Motions to Dismiss Plaintiffs' Complaint and to Transfer Pursuant to 28 U.S.C. § 1404 ("R&R"), *Clark I* (Aug. 1, 2018) (ECF No. 27) at 8-14; Order Adopting Report and Recommendation ("Order"), *Clark I* (Aug. 20, 2018) (ECF No. 28).)  The Court dismissed Plaintiffs' two state-law claims for lack of supplemental jurisdiction.  (*See* R&R at 14-16; Order.)

### D.  The Arbitration Board's Unanimous Decision Rejecting Plaintiffs' Claim

An evidentiary hearing before the Frontier Flight Attendants' System Board of Adjustment was conducted on March 20, 2018, in which Plaintiffs (represented by the same counsel as in this lawsuit), Frontier, and the AFA participated.  (Compl. ¶ 18.)  The Board entered an Opinion and Award on October 23, 2018, unanimously denying the Plaintiffs' grievance on the merits.  (*Clark v. Frontier Airlines, Inc.* ("*Clark Arbitration*") (LaRocco, Arb., Oct. 23, 2018) (attached hereto as Exhibit A); *see also* Compl. ¶ 19.)  The Board held that Article 24(A) of the CBA ceased to be effective and was superseded by the cash payment provisions set forth in the March 15, 2017 LOA, and that the Plaintiffs had no rights under the LOA.  (*Clark Arbitration* at 32.)  The Board ruled further that, prior to March 15, 2017, the Plaintiffs had not acquired any permanent, vested right to receive payments from the $40 million.  (*Id*. at 37.)

E.   **The Plaintiffs' Second Lawsuit**

On January 9, 2019, Plaintiffs filed their Complaint in this case (*Clark II*). With the exception of one paragraph, the Complaint in *Clark* II appears virtually identical to the operative pleading in *Clark I*. Once again, they assert claims for breach of collective bargaining agreement, promissory estoppel, and unjust enrichment, and once again their claims should be dismissed.

**ARGUMENT**

In ruling on a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court "assumes all facts in the complaint to be true and construes all reasonable inferences most favorably to the complainant." *See, e.g., United States ex rel. Raynor v. Nat'l Rural Utils. Coop. Fin. Corp.*, 690 F.3d 951, 955 (8th Cir. 2012). To avoid dismissal, the Plaintiffs' complaint must contain more than "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *see also Zean v. Fairview Health Servs.*, 858 F.3d 520, 527 (8th Cir. 2017) ("Courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. If the court cannot "infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief,'" and the complaint should be dismissed. *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Moreover, in the present case, because Plaintiffs are effectively seeking judicial review of an RLA arbitration decision, it is not enough for the Complaint to allege that Frontier breached the collective bargaining agreement (a contention already rejected by the Frontier Flight Attendants' System Board of Adjustment). Rather, the Complaint must allege facts establishing a plausible claim for judicial review. *See Zurawski v. Se. Pa. Transp. Auth.*, 2010 WL 1946922, at *6 (E.D. Pa. May 10, 2010) (granting motion to dismiss under Rule 12(b)(6) where plaintiff failed to plead facts sufficient to warrant judicial review of arbitration award). As will be demonstrated in Section I, below, Plaintiffs' Complaint literally ignores the requirements for judicial review of an RLA arbitration decision and instead appears to proceed on the demonstrably incorrect assumption that this Court can adjudicate the merits of their claim *de novo*. It cannot.

Lastly, while the record on a Rule 12(b)(6) motion is far more circumscribed than for a summary judgment motion, the Court still may consider matters appropriate for judicial notice and documents which are referred to in Plaintiffs' Complaint. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) ("In this circuit, Rule 12(b)(6) motions are not automatically converted into motions for summary judgment simply because one party submits additional matters in support of or opposition to the motion . . . Some materials that are part of the public record or do not contradict the complaint may be considered by a court in deciding a Rule 12(b)(6) motion.") (quotation omitted); *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012) ("Though matters outside the pleading may not be considered in deciding a Rule 12 motion to dismiss, documents necessarily embraced by the complaint are not matters outside the pleading . . . Documents necessarily embraced by the pleadings include documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not

physically attached to the pleading.") (citation and quotation omitted). Accordingly, it is appropriate for the Court to consider the Board's decision in the *Clark Arbitration* when ruling on the instant motion to dismiss under Rule 12(b)(6).

I. **PLAINTIFFS' CLAIM FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT SHOULD BE DISMISSED BECAUSE IT FAILS TO ALLEGE A BASIS FOR JUDICIAL REVIEW OF THE BOARD'S ARBITRATION DECISION.**

Under the RLA, a "minor dispute" is a dispute over the interpretation or application of a CBA. *See, e.g.*, *Elgin, J. & E. Ry. v. Burley*, 325 U.S. 711, 722-23 (1945); *Sturge v. Nw. Airlines, Inc.*, 658 F.3d 832, 837 (8th Cir. 2011); R&R at 9. Arbitration tribunals, generally referred to as "boards of adjustment," have "mandatory, exclusive and comprehensive" jurisdiction to adjudicate minor disputes. *Bhd. of Locomotive Eng'rs v. Louisville & Nashville R.R.*, 373 U.S. 33, 38 (1963); *see also Sturge*, 658 F.3d at 836. This Court previously ruled, and correctly so, that Plaintiffs' claim for breach of collective bargaining agreement was a "minor dispute" subject to the exclusive arbitral jurisdiction of the Frontier Flight Attendants' System Board of Adjustment. *See* R&R at 10, 11 ("By its very nature plaintiffs' claim that Frontier breached the CBA will require the interpretation of relevant CBA terms . . . . That is precisely the issue plaintiffs grieved and have presented to the Adjustment Board."). The arbitration was conducted, and the Board issued a unanimous decision rejecting Plaintiffs' claim.

In these circumstances, Plaintiffs are not entitled to *de novo* review in this Court of their claim for breach of collective bargaining agreement. As the Supreme Court explained in *Andrews v. Louisville & Nashville Railroad Company*, 406 U.S. 320, 325 (1972), "in at least some situations the [Railway Labor] Act makes the federal administrative remedy exclusive, rather than merely requiring exhaustion of remedies in one forum before resorting to another. A

party who has litigated an issue before the Adjustment Board on the merits may not relitigate that issue in an independent judicial proceeding.  ***He is limited to the judicial review of the Board's proceedings that the Act itself provides.***"  (Emphasis added; citations omitted.)

It is well-recognized that "the judicial review of the Board's proceedings that the [Railway Labor] Act itself provides," *id.*, is "**among the narrowest known to the law**."  *Union Pac. R.R. Co. v. Sheehan*, 439 U.S. 89, 91 (1978) (emphasis added; quotation marks omitted); *see also Union Pac. R.R. v. United Transp. Union*, 23 F.3d 1397, 1399 (8th Cir. 1994); R&R at 13-14.  Indeed, as a textual matter, the RLA only authorizes a district court to set aside an arbitration decision in three situations:  (1) the Board failed to comply with the requirements of the RLA; (2) the Board failed to conform or confine itself to matters within its jurisdiction; and (3) fraud or corruption on the part of a Board member.  *See Sheehan*, 439 U.S. at 93; *Goff v. Dakota, Minn. & E. R.R. Corp.*, 276 F.3d 992, 996 (8th Cir. 2002).[2]

Here, Plaintiffs' Complaint contains literally no allegations to support judicial review of the decision in the *Clark Arbitration*.  In fact, Plaintiffs' Complaint does not even recognize that the RLA, and volumes of case law thereunder, prescribe standards for judicial review of arbitration decisions.  Accordingly, the Complaint fails to plausibly allege a claim for judicial review of the *Clark Arbitration* decision and, as a result, Count One should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See Zurawski*, 2010 WL 1946922, at *6 (granting motion to dismiss under Rule 12(b)(6) where plaintiff failed to plead facts sufficient to warrant judicial review of arbitration award).

---

[2]     Some courts have also recognized due process and constitutional violations as additional grounds for review of RLA arbitration decisions.  *See* R&R at 14.

## II. PLAINTIFFS' EQUITABLE CLAIMS, FOR PROMISSORY ESTOPPEL AND UNJUST ENRICHMENT, SHOULD BE DISMISSED BECAUSE THERE WAS AN EXPRESS CONTRACT BETWEEN THE PARTIES.

Under Iowa law, promissory estoppel is a quasi-contract doctrine meant to enforce non-contractual promises. *Farm & Ranch Servs., Ltd. v. LT Farm & Ranch, LLC*, 779 F. Supp. 2d 949, 965 (S.D. Iowa 2011). The doctrine is invoked to "imply a contract in law when none exists." *PFS Distrib. Co. v. Raduechel*, 387 F. Supp. 2d 1020, 1026 (S.D. Iowa 2005). Accordingly, promissory estoppel claims cannot be maintained if there is a valid, express contract between the parties concerning the subject matter of the claim. *See Stoberl v. Cybrcollect, Inc.*, 2011 U.S. Dist. LEXIS 162546, at *29 (S.D. Iowa Nov. 28, 2011) ("[W]here a contract exists, promissory estoppel may not be used to enforce a right which has been confirmed in writing.") (internal quotation marks omitted); *Farm & Ranch Servs. Ltd.*, 779 F. Supp. 2d at 965 (dismissing promissory estoppel claim upon finding that "a valid express contract governs the dispute between [the parties]"); *DeJong v. City of Sioux Ctr.*, 980 F. Supp. 1010, 1014 (N.D. Iowa 1997) ("The court finds that promissory estoppel cannot be used in this case . . . because the parties executed a fully integrated written contract.").

Similarly, unjust enrichment is an equitable doctrine "based on the concept of an implied contract." *Iowa Network Servs., Inc. v. Qwest Corp.*, 363 F.3d 683, 694 (8th Cir. 2004). Under Iowa law, it is clear that express contracts and implied contracts cannot coexist with respect to the same subject matter, and the law does not imply a contract when there is an express contract. See *GreatAmerica Leasing Corp. v. Rohr–Tippe Motors, Inc.*, 387 F. Supp. 2d 992, 997 (N.D. Iowa 2005) (applying Iowa law, and recognizing the "near universal rule of contracts that an express contract and an implied contract cannot co-exist"). When a court determines that an express contract exists between the parties as to the subject matter of the unjust enrichment

claim, as this Court did in *Clark I*, the plaintiffs' unjust enrichment claim fails because an express and implied contract cannot co-exist. *See Dean Snyder Constr. Co. v. Travelers Prop. Cas. Co. of Am.,* 173 F. Supp. 3d 837, 855 (S.D. Iowa 2016) (dismissing unjust enrichment claim because the subject matter of the claim was covered by an express agreement between the parties); *EAD Control Sys., LLC v. Besser Co. USA,* 2012 WL 2357572, at *3 (N.D. Iowa June 19, 2012) (barring claim of unjust enrichment where express contract covered the subject matter of the unjust enrichment claim, and noting that "unjust enrichment is not a mechanism for shifting a risk one has assumed under contract.") (internal quotation marks omitted).

In this case, there are express contracts addressing the same subject matter as the Plaintiffs' promissory estoppel and unjust enrichment claims. To confirm that point, one need look no farther than the breach of collective bargaining agreement claim in Count One. Accordingly, Counts Two and Three of Plaintiffs' Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## CONCLUSION

For the foregoing reasons, Defendant Frontier Airlines, Inc. respectfully requests that this Court dismiss Plaintiffs' Complaint, with prejudice, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

BELIN McCORMICK, P.C.

By: *Matthew C. McDermott*

Matthew C. McDermott
Ryan G. Koopmans

666 Walnut Street, Suite 2000
Des Moines, IA 50309-3989
Telephone: (515) 283-4643; (515) 283-4617
Facsimile: (515) 558-0643; (515) 558-0617
E-mail: mmcdermott@belinmccormick.com
rkoopmans@belinmccormick.com

Chris A. Hollinger (*pro hac vice* pending)
O'MELVENY & MYERS LLP
Two Embarcadero Center
28th Floor
San Francisco, CA 94111
Telephone: (415) 984-8700
E-mail: chollinger@omm.com
ATTORNEYS FOR DEFENDANT
FRONTIER AIRLINES, INC.

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon the parties to this action by serving a copy upon party listed below on April 5, 2019 by

☑ Electronic Filing System     ☐ Other _____

Kellie L. Paschke
Skinner & Paschke, PLLC
204 West Hickman Road
Waukee, IA 50263
kellie@splawiowa.com; beth@splawiowa.com

Jason D. Walke
Walke Law, LLC
204 West Hickman Road
Waukee, IA 50263
jwalke@walkelaw.com; nphifer@walkelaw.com

Signature:   */s/ Lori McKimpson*

F0765\0002\(3256114.2)