IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| ADELINE CLARK, *et. al*,<br><br>    Plaintiffs,<br>v.<br><br>FRONTIER AIRLINES, INC.,<br><br>    Defendant. | Case No. 4:19-cv-00012-JEG-RAW<br><br>**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT FRONTIER AIRLINES, INC.'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT** |

Defendant Frontier Airlines, Inc. ("Frontier") hereby submits the following reply brief in support of its motion to dismiss (ECF No. 6) and in response to Plaintiffs' Brief In Resistance To Defendant's Motion To Dismiss ("Opp.") (ECF No. 9).

I. **Plaintiffs' Claim For Breach Of Collective Bargaining Agreement Should Be Dismissed Because The Complaint Alleges No Basis For Judicial Review Of The Board Of Adjustment's Decision.**

Plaintiffs' attempt to vacate the decision of the Frontier Flight Attendants' System Board of Adjustment ("Adjustment Board" or "Board") is flawed for multiple reasons.

*First*, this Court previously rejected Plaintiffs' argument that the Board's composition (i.e., one Company designee, one Union designee, and one neutral arbitrator) provides a basis to bypass the Adjustment Board's exclusive jurisdiction under the Railway Labor Act ("RLA"), 45 U.S.C. §§ 151 *et seq.*, over disputes involving the interpretation of a collective bargaining agreement ("CBA"). "Bias cannot be presumed. That the parties appointing a majority of the members of the arbitration panel are adverse to plaintiffs does not alone mean arbitration is futile." (Report and Recommendation on Defendant's Motions to Dismiss Plaintiffs' Complaint and to Transfer Pursuant to 28 U.S.C. § 1404 ("R&R"), *Clark, et al. v. Frontier Airlines, Inc. ("Clark I")*, No. 4:17-cv-00452-JEG-RAW (S.D. Iowa Aug. 1, 2018) (ECF No. 27) at 13; Order Adopting Report and Recommendation, *Clark I* (Aug. 20, 2018) (ECF No. 28).) Plaintiffs did not object to the Magistrate Judge's R&R in *Clark I*, nor did they appeal the District Court's dismissal of their lawsuit. They are precluded from re-litigating the validity of the Board of Adjustment's composition – an issue which was decided against them in *Clark I*. *See, e.g., Oldham v. Pritchett*, 599 F.2d 274, 279 (8th Cir. 1979) (listing the elements for collateral estoppel, or issue preclusion, under federal law).

*Second*, even if the Complaint itself alleged what Plaintiffs argue in their Opposition Brief (*see* Opp. at 7-9), their claim for judicial review of the Adjustment Board's decision based on a purported due process violation still fails as a matter of law. Numerous courts have considered and rejected Plaintiffs' contention (*see* Opp. at 11-13) that the decisions of RLA boards of adjustment can be vacated simply because a majority of the arbitration tribunal is

1

composed of carrier and union-appointed members whose interests may be aligned in a given case.[1] *See, e.g., Wells v. Southern Airways, Inc.*, 616 F.2d 107, 110 (5th Cir. 1980) (RLA imposes on board of adjustment members an obligation to conduct a "full and fair hearing" and also "impose[s] on individual arbitrators a duty to adjudicate particular cases fairly without regard to their institutional predilections"); *Cunningham v. United Airlines, Inc.*, 2014 WL 441610, at *6 (N.D. Ill. Feb. 4, 2014), *aff'd sub nom. Cunningham v. Air Line Pilots Ass'n, Int'l*, 769 F.3d 539 (7th Cir. 2014) (explaining that "just because parties appointing members may disagree with the plaintiffs 'on the merits of their ... claim[,] does not mean that resort to the Adjustment Board would be absolutely futile.'") (citing *Bautista v. Pan Am. World Airways, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987) (holding that mere disagreement between plaintiff employees and union on the merits of a grievance was insufficient to remove the dispute from the Adjustment Board's jurisdiction)); *Addington v. US Airline Pilots Ass'n*, 588 F. Supp. 2d 1051, 1063-64 (D. Ariz. 2008) ("The fact that the board is composed of union and company representatives does not by itself render the process futile.").

The Eighth Circuit's decision in *McCormick v. Aircraft Mechanics Fraternal Ass'n*, 340 F.3d 642 (8th Cir. 2003), is also instructive. There, a group of furloughed Northwest Airlines ("Northwest") employees, and former members of the Aircraft Mechanics Fraternal Association ("AMFA"), claimed they were entitled to be recalled to jobs with Northwest based

---

[1] Generally, even within the circuits which have recognized due process as a potential ground for judicial review of RLA arbitration decisions (including the Eighth Circuit), the courts have construed procedural rights narrowly and rejected attempts to overturn arbitration decisions on the basis of due process. *See, e.g., Goff v. Dakota, Minn. & E. R.R.*, 276 F.3d 992, 997-98 (8th Cir. 2002) (holding that employee's due process rights were not violated when a hearing transcript reviewed by arbitration board did not reflect a recess, after which a witness changed his testimony); *Bradford v. Union Pac. R.R.*, 767 F.3d 865, 872 (9th Cir. 2014) (rejecting due process challenge where grievant was able to present his arguments during a hearing, even though he was not able to introduce certain evidence); *Int'l Bhd. of Elec. Workers v. CSX Transp., Inc.*, 446 F.3d 714, 720 (7th Cir. 2006) (rejecting contention that arbitration board denied due process to third-party union by failing to give union full party status in a work assignment dispute); *Del Casal v. Eastern Airlines*, 634 F.2d 295, 299 (5th Cir. 1981) (absent showing of bias by individual board members, no denial of due process for 4-person adjustment board to uphold termination of non-union employee; the RLA does not entitle a grievant to have a "partisan" Board member represent his interests).

on a Northwest-AMFA CBA which was executed at a time when they were no longer represented by AMFA.  *Id.* at 644.  Both Northwest and AMFA disagreed with the plaintiffs' interpretation of the CBA.  *Id.*  The Eighth Circuit held that the plaintiffs had no claim for breach of the duty of fair representation against AMFA, because AMFA was not the plaintiffs' collective bargaining representative at the time of the events in question.  *Id.* at 645-46.  The Eighth Circuit further held that, because the plaintiffs had no such claim against the union, they could not maintain their breach of CBA claim against Northwest in court.  The RLA's arbitration procedures were the plaintiffs' only recourse.  *See id.* at 646.

Plaintiffs' reliance on *Glover v. St. Louis-San Francisco Railway Company*, 393 U.S. 324 (1969), is misplaced.  (*Cf.* Opp. at 8, 9).  As the court in *Everett v. USAir Group, Inc.* explained, when rejecting the same argument Plaintiffs make here, "[t]he Supreme Court has determined that retired workers, despite their noninclusion in the collective bargaining unit, must proceed before adjustment boards comprised of union and management representatives.  Were this Court to hold that these plaintiffs are structurally disadvantaged because they disagree with the position of the union that once represented them and therefore are entitled to the protection of *Glover*, **all** retired workers challenging their union's bargaining position could proceed directly to court …." 927 F. Supp. 478, 486 (D.D.C. 1996) (emphasis in original), *aff'd sub nom. Everett v. US Airways Grp., Inc.*, 194 F.3d 173 (D.C. Cir. 1999).

The Court also should reject Plaintiffs' reliance on the D.C. Circuit's 70-year-old decision in *Edwards v. Capital Airlines, Inc.*, 176 F.2d 755 (D.C. Cir. 1949).  (*See* Opp. at 11.) That decision is inconsistent with the Eighth Circuit's decision in *McCormick* as well as the other, more recent decisions discussed above.  Moreover, the arbitration tribunal in *Edwards* was comprised of two union-designated members, who were opposed to the plaintiffs' position, and two employer-designated members, who were indifferent – there was no neutral arbitrator.  *See id.* at 759.  In the *Clark* Arbitration, in contrast, there was a neutral arbitrator and it was the neutral arbitrator who rendered the decision (in which the employer and union-designated board members merely concurred). (*See* ECF No. 6; Ex. A (*Clark* Arbitration Decision) at ECF p. 39.)

3

Simply put, the outcome of the *Clark* Arbitration would have been the same even if the Union had not appointed a member of the board and the Plaintiffs had appointed a member of the Board instead. And finally, even if the Court were to follow the decision in *Edwards* (which it should not), the result would not be to vacate the *Clark* Arbitration Decision. Rather, the Court would review the Arbitration Decision on the merits (*see Edwards*, 176 F.2d at 762), and, for all the reasons set forth in the arbitrator's 38-page decision, would no doubt confirm the decision.[2]

**Third**, this Court observed in *Clark I* that "[n]o due process deprivation involving alleged bias of a majority of the Adjustment Board members can have occurred until it reveals itself." (R&R at 13). The *Clark* Arbitration has been completed since this Court issued the R&R in *Clark I*, and the alleged bias of the Board members never materialized.[3] To the contrary, the Plaintiffs were afforded a full and fair opportunity to present their case, including by way of testimonial and documentary evidence, oral argument and post-hearing briefing, and they were represented by counsel of their own choosing (the same counsel who represents them in the instant action). A neutral, highly-respected labor arbitrator, with substantial experience in the airline industry, issued a comprehensive and well-reasoned 38-page decision rejecting Plaintiffs' position on the merits and on the composition of the Board. In sum, Plaintiffs received all the

---

[2] Plaintiffs also cite *International Association of Machinists and Aerospace Workers v. Metro-North Commuter Railroad*, 24 F.3d 369 (2d Cir. 1984). (*See* Opp. at 9.) That case, involving a jurisdictional dispute between two unions, which is not the situation here, is "a largely anomalous decision that has not been cited for [the holding at issue] by any other court in the more than ten years since it was published, and [] its reasoning is unpersuasive." *Int'l Bhd. of Elec. Workers v. CSX Transp., Inc.*, 369 F. Supp. 2d 982, 989 (N.D. Ill. 2005), *aff'd*, 446 F.3d 714 (7th Cir. 2006). This Court, likewise, should not give any credence to the decision in *Metro-North Commuter Railroad*.

[3] *Withrow v. Larkin*, 421 U.S. 35 (1975), cited by Plaintiffs (*see* Opp. at 9), does not help their cause. Just the opposite. There, in a case involving the Fourteenth Amendment's Due Process Clause (which is not the situation here), the Court rejected the contention that "the combination of investigative and adjudicative functions necessarily creates an unconstitutional risk of bias in administrative adjudication," as such contention failed, *inter alia*, to "overcome a presumption of honesty and integrity in those serving as adjudicators." *Id.* at 47. In *Gibson v. Berryhill*, 411 U.S. 564 (1973), another case involving the Due Process Clause, all of the decision-makers stood to reap a "personal benefit" from ruling in a particular manner. *See id.* at 578. The Complaint here contains no allegation that the challenged Adjustment Board members (as opposed to their institutional employers) would receive any benefit from denying the Plaintiffs' grievances and, moreover, the arbitration decision was rendered by the neutral arbitrator.

process they were due.  They lost their case not because of any due process violation in the composition of the Adjustment Board – but because their claim was weak.

**II.     Plaintiffs' Common-Law Claims, For Promissory Estoppel And Unjust Enrichment, Should Be Dismissed.**

Plaintiffs' attempt to salvage their claims for equitable relief is meritless for three main reasons.  ***First***, as demonstrated in Frontier's motion to dismiss, there are express contracts addressing the same subject matter as the Plaintiffs' promissory estoppel and unjust enrichment claims, and the existence of an express contract between the parties governing the subject matter of the dispute bars these claims.  (*See* ECF No. 6 at 11-12 (citing decisions).)  Plaintiffs' Opposition Brief fails to rebut Frontier's argument and fails to distinguish the supporting authorities, which compel dismissal of both claims.  ***Second***, notwithstanding Plaintiffs' assertion in their Opposition Brief that "[s]eparate from the contents of the CBA, Frontier made definite promises, through company communications and public comments, to allow Equity Participation for flight attendants" (Opp. at 11), Plaintiffs cite no such allegation in the Complaint – because there is none.  A promissory estoppel claim cannot be maintained without identifying the who, what, when, where, and how of the alleged promise.  *Denner v. Deere & Co.*, 2005 WL 1532607, at *9 (N.D. Iowa Jan. 7, 2005) (granting summary judgment for defendant on promissory estoppel claim where plaintiff failed to establish a clear and definite promise), *aff'd*, 148 F. App'x 571 (8th Cir. 2005).  ***Third***, any such plausibly-alleged extra-contractual promises to Union-represented flight attendants would be void and unenforceable as a matter of federal labor law, *see Order of R.R. Telegraphers v. Railway Express Agency*, 321 U.S. 342, 346-47 (1944), and a state-law claim based on such "side deals" would be preempted by the RLA.  *See, e.g., Espinal v. Northwest Airlines, Inc.*, 90 F.3d 1452, 1458-59 (9th Cir. 1996); *Zumbrun v. Delta Airlines, Inc.*, 1996 U.S. Dist. LEXIS 20642 (C.D. Cal. June 24, 1996); *Williams v. American Eagle Airlines, Inc.*, 702 S.E.2d 541, 546 (N.C. Ct. App. 2010).

Dated: April 26, 2019.

O'MELVENY & MYERS LLP

By: /s/ *Chris A. Hollinger*
Chris A. Hollinger (*pro hac vice*)

Two Embarcadero Center
28th Floor
San Francisco, CA 94111
Telephone: (415) 984-8700
E-mail: chollinger@omm.com

Matthew C. McDermott
Ryan G. Koopmans
BELIN McCORMICK, P.C.
666 Walnut Street, Suite 2000
Des Moines, IA 50309-3989
Telephone: (515) 283-4643; (515) 283-4617
Facsimile: (515) 558-0643; (515) 558-0617
E-mail:   mmcdermott@belinmccormick.com
rkoopmans@belinmccormick.com

ATTORNEYS FOR DEFENDANT
FRONTIER AIRLINES, INC.

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon the parties to this action by serving a copy upon party listed below on April 26, 2019 by

☑  Electronic Filing System      ☐  Other _____

Kellie L. Paschke
Skinner & Paschke, PLLC
204 West Hickman Road
Waukee, IA 50263
kellie@splawiowa.com; beth@splawiowa.com

Jason D. Walke
Walke Law, LLC
204 West Hickman Road
Waukee, IA 50263
jwalke@walkelaw.com; nphifer@walkelaw.com

Signature:   /s/ *Chris A. Hollinger*

6