IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| ADELINE CLARK, *et. al*, | ) | Case No. 4:19-cv-00012-JEG-RAW |
| | ) | |
| Plaintiffs, | ) | **DEFENDANT FRONTIER AIRLINES,** |
| | ) | **INC.'S MOTION TO DISMISS** |
| v. | ) | **PLAINTIFFS' FIRST AMENDED AND** |
| | ) | **SUBSTITUTED COMPLAINT** |
| FRONTIER AIRLINES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

Defendant Frontier Airlines, Inc. ("Frontier") hereby moves to dismiss Plaintiffs' First Amended and Substituted Complaint (ECF No. 10) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

As explained in the accompanying memorandum, while Plaintiffs' claim in Count One is nominally couched as a *de novo* claim for breach of collective bargaining agreement ("CBA"), there is no dispute that Plaintiffs actually must satisfy the requirements of the Railway Labor Act ("RLA") for judicial review of an arbitration decision. *See, e.g., Andrews v. Louisville & Nashville R.R. Co.*, 406 U.S. 320, 325 (1972). It is well-established that "the judicial review of the [arbitration] Board's proceedings that the [Railway Labor] Act itself provides," *id.*, is "***among the narrowest known to the law***." *Union Pac. R.R. Co. v. Sheehan*, 439 U.S. 89, 91 (1978) (emphasis added; quotation marks omitted).

Here, Plaintiffs allege that there was a due process violation in connection with an Arbitration Board's decision, claiming: (i) the Board's composition was improper, because the Company- and Union-designated Board members did not agree with Plaintiffs' position and/or the Plaintiffs did not participate in the selection of the neutral arbitrator who actually decided the case; (ii) the participation of the Company- and Union-designated Board members was improper

because they allegedly were personally involved in the negotiation of some of the relevant CBA provisions and/or the processing of Plaintiffs' grievances; and (iii) Frontier's denial of Plaintiffs' request for free transportation to the hearing location in Denver for all 100 grievants allegedly restricted their participation in the arbitration hearing.

As demonstrated in the accompanying memorandum, none of Plaintiffs' claims establishes a due process violation.  To the contrary, Plaintiffs received all the process they were due under both the RLA and the CBA.  Moreover, Plaintiffs' derivative claims in Counts Two and Three, for promissory estoppel and unjust enrichment under Iowa law, should be dismissed because, *inter alia*, there was an express agreement (i.e., the CBA) between the parties covering the same subject matter as those claims.

Plaintiffs' lawsuit should be dismissed, once and for all, with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Dated:  May 10, 2019.                    Respectfully Submitted,

                                         */s/ Chris A. Hollinger*
                                         Chris A. Hollinger (*pro hac vice*)

                                         O'MELVENY & MYERS LLP
                                         Two Embarcadero Center, 28th Floor
                                         San Francisco, CA 94111
                                         Telephone: (415) 984-8700
                                         E-mail: chollinger@omm.com

                                         Matthew C. McDermott
                                         Ryan G. Koopmans
                                         BELIN McCORMICK, P.C.
                                         666 Walnut Street, Suite 2000
                                         Des Moines, IA  50309-3989
                                         Telephone: (515) 283-4643; (515) 283-4617
                                         Facsimile: (515) 558-0643; (515) 558-0617
                                         E-mail:  mmcdermott@belinmccormick.com
                                                  rkoopmans@belinmccormick.com

                                         Attorneys for Defendant
                                         Frontier Airlines, Inc.

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served
upon the parties to this action by serving a copy upon party listed
below on May 10, 2019 by

☑   Electronic Filing System        ☐   Other _____

Signature:   */s/ Chris A. Hollinger*