## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

| | |
|---|---|
| ADELINE CLARK, et al. | Case No. 4:19-cv-00012-JEG-RAW |
| Plaintiffs, | |
| vs. | **DECLARATION OF KELLIE L. PASCHKE IN SUPPORT OF PLAINTIFFS' RESISTANCE TO DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT** |
| FRONTIER AIRLINES, INC. | |
| Defendant. | |

I, Kellie L .Paschke, submit the following declaration in support of this Resistance to Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint.

1. I am an attorney with Skinner & Paschke, PLLC and the attorney principally responsible for the representation of Plaintiffs in this matter.

2. I participated as Plaintiffs' counsel during the March 20, 2018 System Board of Adjustment hearing referenced in Plaintiff's First Amended and Substituted Complaint (¶29).

3. The attached Exhibit A to this Declaration is a true and correct copy of "Joint Exhibit 3" titled "Equity Participation Payment" entered as evidence at the Arbitration hearing.

I declare, under penalty of perjury under the law of the United States of America, that the foregoing is true and correct.

/s/*Kellie L. Paschke*
Kellie L. Paschke

1

<strong>Letter of Agreement<br>between<br>ASSOCIATION OF FLIGHT ATTENDANTS-CWA, AFL-CIO<br>and<br>FRONTIER AIRLINES, INC.</strong>

<strong>Equity Participation Payment</strong>

This Letter of Agreement is made and entered into in accordance with the provisions of the Railway Labor Act, as amended, by and between FRONTIER AIRLINES, INC. (the "Company") and the ASSOCIATION OF FLIGHT ATTENDANTS-CWA, AFL-CIO (the "Union"). The Company and the Union are parties to that certain Frontier Airlines Flight Attendant Contract 2011–2016, dated as of October 14, 2011, as amended (the "CBA"), pursuant to which Flight Attendants are, among other things, entitled to an equity participation right in the Company upon the terms and subject to the conditions set forth in in Article 24A thereto (the "Equity Participation"). The parties desire to avoid any possible disputes with respect to the Equity Participation and have mutually agreed to the following:

**A. Equity Participation Payment**

1. <u>Payment</u>. In full and complete satisfaction of all of the Company's obligations in respect of the Equity Participation and Article 24A of the CBA, the Company agrees to pay to the eligible Flight Attendants an aggregate amount equal to forty million dollars ($40,000,000) (the "Equity Participation Payment"), which shall be payable as follows: (a) thirty six million, five hundred thousand dollars ($36,500,000) shall be remitted to individual Flight Attendants in six substantially equal installments on the first payroll date of each month commencing on June 1, 2017 (each, a "Payment Date"), less any applicable withholdings, in accordance with the Allocation Schedule (as defined below) and (b) three million, five hundred thousand dollars ($3,500,000) will be remitted to a third party escrow agent in accordance with Section B of this Letter of Agreement.

2. <u>Allocation Schedule</u>. No later than May 1, 2017, the Union shall provide the Company with a written schedule (the "Allocation Schedule"), setting forth the name and employee identification number of each Flight Attendant eligible to receive a portion of the Equity Participation Payment (each, an "Eligible Flight Attendant") and the gross amount of the Equity Participation Payment to be paid to each Eligible Flight Attendant upon each Payment Date. The Union shall determine the Eligible Flight Attendants and their portion of the Equity Participation Payment in its sole discretion, provided, that the total Equity Participation Payments identified on the Allocation Schedule for any Payment Date shall not exceed the aggregate payment the Company is obligated to make on such Payment Date pursuant to this Letter of Agreement (after giving effect to the Escrow). The Company may rely on the Allocation Schedule for all purposes hereof.

3. <u>Employment Taxes; Matching Contributions</u>. The Company shall be responsible for (a) the employer-portion of any employment taxes due in connection with the Equity Participation Payments to be made to the Flight Attendants under this Letter of Agreement and (b) any matching contributions required to be made in accordance with the terms and conditions of the Company's 401(k) plan based on any Flight Attendant contributions of Equity Participation Payments to such 401(k) plan in accordance with its terms and subject to all applicable plan limits. All other withholding taxes and similar obligations shall be the responsibility of the Flight Attendants and the Company is authorized to make appropriate withholding deductions from the payments hereunder.

4. <u>Payment Subject to Payroll Information and Release</u>. Payment of any portion of the Equity Participation Payment to an Eligible Flight Attendant shall be subject to such Flight Attendant's provision of any necessary administrative information (including a valid tax identification number) and execution and

1

delivery of a general release of claims against the Company and the Union in the form attached hereto as <u>Exhibit A</u> (a "Release of Claims") that becomes effective and irrevocable within sixty (60) days of the date this Letter of Agreement is executed and the Company shall not be obligated to make any payment hereunder to a Flight Attendant in the absence of the Company's receipt of such executed Release of Claims on or prior to the expiration of such sixty (60) day period.

### B. Escrow for Administrative Costs, Fees and Expenses.

No later than June 1, 2017, the Company shall deposit with a third party escrow agent to be identified in writing by the Union (the "Escrow Agent") an amount equal to $3,500,000 (the "Escrowed Amount") to be held in escrow by the Escrow Agent to reimburse the Union for any reasonably documented costs, fees and other expenses associated with the negotiation and execution of this Letter of Agreement, including the fees and expenses of the legal and financial advisors retained by the Union in connection herewith, and the administration of the Equity Participation Payments pursuant to the terms and conditions of an escrow agreement to be entered into between the Union and the Escrow Agent and consistent with this Letter of Agreement. At such time as the Union determines that the Escrowed Amount exceeds the amount needed to reimburse costs, fees and other expenses associated with the administration of the Equity Participation Payments, the Union shall cause such funds to be remitted to Eligible Flight Attendants. In order to provide administrative assistance to the Union in connection with any such remittances, the Company will facilitate such payment, through its payroll system,, as soon as administratively practicable and, in any event, within thirty (30) days, whereupon the Company shall pay an aggregate amount equal to such excess funds provided to it by the Union, less applicable withholdings, to Eligible Flight Attendants in accordance with an Allocation Schedule provided by the Union in writing and otherwise subject to the other terms and conditions hereof. The Union shall be solely responsible to pay its fees and expenses related to this Letter of Agreement and the Company shall have no obligation therefor.

### C. Release of Claims.

The Union hereby releases and forever discharges the Company and each of its predecessors, successors, related entities, owners, shareholders, directors, officers, employees, agents, representatives and insurers from any and all injuries, damages, claims, obligations, debts, liabilities, accounts, costs, expenses, demands, actions, or causes of action, known or unknown, arising out of or in any way connected with or resulting from any of the Union's rights with respect to the Equity Participation, except the obligations of the Company under this Letter of Agreement.

### D. Indemnification

The Union shall indemnify, defend and hold harmless the Company and its affiliates and their respective shareholders, members, partners, directors, managers, officers, employees, affiliates, agents and advisors from and against any damages, losses, deficiencies, obligations, penalties, judgments, settlements, claims, payments, fines, interest costs and expenses, including the costs and expenses of any and all actions and demands, assessments, judgments, settlements and compromises relating thereto and the costs and expenses of attorneys, accountants, consultants and other professionals incurred in the investigation or defense thereof or the enforcement of rights hereunder relating to or resulting from any claim made by any Flight Attendant or group of Flight Attendants to the extent relating to his, her or their allocation of the Equity Participation Payment as set forth in the Allocation Schedule.

### E. Miscellaneous

1. <u>Representations</u>. The Company represents and warrants to the Union, that the Company is not party to, and has no knowledge of, any litigation or legal action in respect of the Equity Participation or Section 24A of the CBA. The Union represents and warrants to the Company, that the Union is not party to, and

2

has no knowledge of, any litigation or legal action in respect of the Equity Participation or Section 24A of the CBA.

2. <u>Entire Agreement</u>. This Letter of Agreement constitutes the entire understanding of the parties with respect to the subject matter hereof and is entered into in full and complete satisfaction of Section 24A of the CBA. Any representation, warranty, promise or condition, whether written or oral, not specifically incorporated herein, shall not be binding or of any force or effect upon the parties.

3. <u>No Implied Changes to Flight Attendant Agreement</u>: This Letter of Agreement does not modify the CBA except as specifically provided herein.

4. <u>Governing Law</u>. Any dispute regarding the application or interpretation of this Letter of Agreement shall be resolved in accordance with the terms of Articles 18 and 19 of the CBA, as required by Section 204, Title II of the Railway Labor Act, as amended.

IN WITNESS WHEREOF, the parties have signed this Agreement this 15th day of March, 2017

FRONTIER AIRLINES, INC.

Howard M. Diamond
General Counsel and Secretary

ASSOCIATION OF FLIGHT
ATTENDANTS, AFL-CIO

Name:
International President

Name:
MEC President

Name:
Senior Staff Attorney

US-DOCS\83000625.1

EXHIBIT A

FORM OF RELEASE OF CLAIMS

(Attached)

4

## FRONTIER AIRLINES, INC.
## RELEASE OF CLAIMS

This Release of Claims (this "Release") is entered into by and among FRONTIER AIRLINES, INC. (the "Company"), the ASSOCIATION OF FLIGHT ATTENDANTS-CWA, AFL-CIO (the "Union") and the flight attendant named on the signature page hereto ("Flight Attendant") effective as of the date of the last signature hereto.

### RECITALS:

**WHEREAS**, the Company and the Union are parties to that certain Frontier Airlines Flight Attendant Contract 2011–2016, dated as of October 14, 2011, as amended (the "CBA"), pursuant to which Flight Attendant is, among other things, entitled to an equity participation right in the Company upon the terms and subject to the conditions set forth in in Article 24A thereto (the "Equity Participation");

**WHEREAS**, the Company and the Union have entered into a Letter of Agreement, dated as of March 15, 2017 (the "LOA"), pursuant to which the Company has agreed, subject to the terms and conditions thereof, to pay eligible flight attendants covered by the CBA an aggregate amount equal to forty million dollars ($40,000,000) (the "Equity Participation Payment");

**WHEREAS**, the Union has determined that Flight Attendant is eligible to receive a portion of the Equity Participation Payment under the LOA and has allocated Flight Attendant an aggregate amount set forth on the signature page hereto (the "Individual Equity Participation Amount") to be paid, less required withholdings, in six substantially equal installments on the first payroll date commencing on June 1, 2017 in accordance with the terms of the LOA; and

**WHEREAS**, in consideration of the foregoing, and as a condition to the Company's and the Union's willingness to enter into the LOA, the Union's allocation of the Individual Equity Participation Amount, and the Company's payment of the Individual Equity Participation Amount, the Company and the Union have required that Flight Attendant execute and deliver this Release to the Company and the Union not later than May 14, 2017 (the "Release Deadline").

NOW, THEREFORE, in consideration of the foregoing and the mutual covenants and agreements set out herein, the parties hereto hereby agree as follows:

1.     <u>Equity Participation Settlement</u>. The payment of the Individual Equity Participation Amount in accordance with the terms and conditions of the LOA shall constitute a full and complete settlement of any and all claims Flight Attendant may have relating to the Equity Participation and Section 24A of the CBA.

2.     <u>Waiver and Release</u>. Subject to the last sentence of the first paragraph of this Section 2, Flight Attendant, on his or her own behalf and on behalf of his or her heirs, executors, administrators, attorneys and assigns, hereby unconditionally and irrevocably releases, waives and forever discharges the Company, the Union and each of the Company's and the Union's affiliates, parents, successors, predecessors, and the subsidiaries, directors, owners, members, shareholders, officers, agents, and employees of the Company, the Union and the Company's and the Union's affiliates, parents, successors, predecessors, and subsidiaries (collectively, all of the foregoing are referred to as the

5

"**Released Parties**"), from any and all causes of action, claims and damages, including attorneys' fees, whether known or unknown, foreseen or unforeseen, presently asserted or otherwise arising through the date of his or her signing of this Release, concerning arising out of or in connection with the Equity Participation, Section 24A of the CBA, the Equity Participation Amount and Flight Attendant's allocation of the Individual Equity Participation Amount, including, without limitation, any claim arising under any federal, state or local laws, ordinances or regulations and any claim arising under any common law principle or public policy, including, without limitation, all suits in tort or contract. Notwithstanding any other provision of this Release to the contrary, this Release is contingent upon the Company paying Flight Attendant the Individual Equity Participation Amount in accordance with the terms of the LOA and does not encompass, and Flight Attendant does not release, waive or discharge, the obligations of the Company to pay the Individual Equity Participation Amount.

Flight Attendant understands that by signing this Release, he or she is not waiving any claims or administrative charges which cannot be waived by law or any claims that accrue in the future. He or she is waiving, however, any right to monetary recovery or individual relief should any federal, state or local agency pursue any claim on his or her behalf arising out of or related to the Equity Participation, Section 24A of the CBA, the Equity Participation Amount and the Individual Equity Participation Amount. Flight Attendant further agrees without any reservation whatsoever, never to commence a legal action or sue the Released Parties or become a party to a lawsuit on the basis of any and all claims of any type released in this Release.

3.      **Acknowledgments.** Flight Attendant is signing this Release, knowingly and voluntarily. He or she acknowledges that: (a) he or she is hereby advised in writing to consult an attorney before signing this Release; (b) he or she has relied solely on his or her own judgment and/or that of his/ her attorney regarding the consideration for and the terms of this Release and is signing this Release knowingly and voluntarily of his or her own free will, and has had the opportunity to ask questions of, and be provided such information reasonably requested by him or her from the Company and the Union; and (c) he or she is not entitled to the Individual Equity Participation Amount unless he or she agrees to the terms of this Release.

4.      **Entire Agreement.** There are no other agreements of any nature between or among the parties hereto with respect to the matters discussed in this Release, except as expressly stated herein, and in signing this Release, Flight Attendant is not relying on any agreements or representations, except those expressly contained in this Release.

5.      **Execution.** This Release may be executed by facsimile and in counterparts, each of which shall be deemed to be an original but all of which together will constitute one and the same instrument.

6.      **Severability.** If any provision of this Release is found, held or deemed by a court of competent jurisdiction to be void, unlawful or unenforceable under any applicable statute or controlling law, the remainder of this Release shall continue in full force and effect.

7.      **Governing Law.** This Release and its terms will be construed, enforced and governed by the laws of the State of Colorado without regard to conflict of law provisions. If any provision of this Release is held to be invalid, illegal or unenforceable for any reason, the validity, legality and enforceability of the remaining provisions will not in any way be affected or impaired thereby.

6

8.  **Choice of Forum**.  The parties to the Release irrevocably and unconditionally (i) agree that any legal proceeding arising out of or in connection with this Release shall be brought in a court of subject matter jurisdiction located in the State of Colorado, which in the case of a state court shall be the courts of Denver County, California and in the case of federal jurisdiction, the courts of the District of Colorado, (ii) consent to the exclusive jurisdiction of such a court in any such proceeding, and (iii) waive any objection to the laying of venue of any such proceeding in any such court.  The parties also irrevocably and unconditionally consent to the service of any process, pleadings, notices or other papers in connection with any such proceeding and submit to personal jurisdiction in such venue.

*(Signature Page Follows)*

US-DOCS\83000625.1

IN WITNESS WHEREOF, the parties have duly executed this Release as of the day and year set forth below.

FLIGHT ATTENDANT:

_____

Name: _____

Dated: _____

Individual Equity Participation Amount:
$ _____

FRONTIER AIRLINES, INC.

By: _____
Name:
Title:

Dated: _____

ASSOCIATION OF FLIGHT ATTENDANTS, AFL-CIO

By: _____
Name:
Title:

Dated: _____

8