IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| ADELINE CLARK, *et. al*,<br><br>                Plaintiffs,<br>v.<br>FRONTIER AIRLINES, INC.,<br><br>                Defendant. | Case No. 4:19-cv-00012-JEG-RAW<br><br>**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT FRONTIER AIRLINES, INC.'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** |

      Defendant Frontier Airlines, Inc. ("Frontier" or the "Company") submits the following reply brief in support of its Motion To Dismiss ("Motion") (ECF No. 12) and in response to Plaintiffs' Brief In Resistance To Defendant's Motion To Dismiss ("Opp.") (ECF No. 15).

## Introduction

      In its Motion, Frontier established the following points: (i) Plaintiffs' challenge to the composition of the Frontier Flight Attendants' System Board of Adjustment (the "Arbitration Board" or the "Adjustment Board") – i.e., one Company designee, one member designated by the Association of Flight Attendants ("AFA" or the "Union"), and one neutral member – was barred by issue preclusion/collateral estoppel based on this Court's ruling in Plaintiffs' prior lawsuit against Frontier; (ii) in any event, the composition of the Arbitration Board, in and of itself, provides no support for an alleged due process violation warranting judicial review of the Arbitration Board's decision under the Railway Labor Act ("RLA"), 45 U.S.C. § 151 *et seq.*; (iii) the *Clark Arbitration* satisfied all of the requirements of due process under the RLA as recognized in the Eighth Circuit's decisions – i.e., Plaintiffs received notice of the arbitration hearing, appeared through counsel of their own choosing, and had a full and fair opportunity to present all the evidence and arguments in support of their claims; and (iv) the alleged involvement of the Company- and Union-designated Adjustment Board members in the

1

negotiation of the Equity Participation Letter of Agreement ("LOA"), and the processing of Plaintiffs' grievances, fails to establish a due process violation. (*See* ECF No. 12-1 at 8-17.) Frontier cited numerous decisions under the RLA, as well as relevant Supreme Court decisions regarding procedural due process, in support of the arguments in its Motion. Frontier also distinguished the cases Plaintiffs had previously relied upon in the briefing on Frontier's motion to dismiss the original complaint and refuted Plaintiffs' arguments in support of judicial review of the *Clark Arbitration* decision.

In their Opposition, Plaintiffs did not address any of the cases cited by Frontier or respond to any of the arguments for why they cannot establish a due process violation or maintain their state-law claims for promissory estoppel and unjust enrichment. The reason for Plaintiffs' failure to do so is no doubt simple – they can't, because the law is manifestly on Frontier's side.

I.     **Plaintiffs' Claim For Breach Of Collective Bargaining Agreement Should Be Dismissed Because The First Amended Complaint Alleges No Basis For Judicial Review Of The Adjustment Board's Decision.**

In their Opposition, Plaintiffs re-package their factual allegations and legal theories, which they originally had couched in terms of a due process claim (*see* ECF No. 9 at 7-9), and now contend for the first time that the Adjustment Board violated the requirements of the RLA, thereby providing a purported basis for judicial review of the Adjustment Board's decision. (*See* Opp. at 7-9.) Plaintiffs, however, cite no case law in support of their new-found theory, and there is none – the few instances where courts have reviewed arbitration decisions for failure of the tribunal to comply with the RLA's requirements involve technical procedural defects, such as failure to provide notice to impacted employees or incorrect voting procedures among a multi-person tribunal, none of which are claimed to be applicable here. *See* The Railway Labor Act 7-77, 7-79, and 7-80 (4th ed. 2016). Moreover, Plaintiffs gain nothing by their bald assertion that

the Adjustment Board violated 45 U.S.C. § 157 (Third)(b), which requires a "full and fair" arbitration hearing, on account of the involvement of the Company- and Union-designated Adjustment Board members.  Plaintiffs cite no case which invoked 45 U.S.C. § 157 as a basis to set aside an Adjustment Board decision and, as noted in Frontier's Motion, while the RLA "imposes upon the System Board a duty to give the parties 'a full and fair hearing,'" it nonetheless "expressly provides that '(n)o arbitrator (except the neutral arbitrator) shall be incompetent to act as an arbitrator because of his interest in the controversy to be arbitrated, or because of his connection with or partiality to either of the parties to the arbitration.'"  (ECF No. 12-1 at 15 (*citing Wells v. Southern Airways, Inc.*, 616 F.2d 107, 110 (5th Cir. 1980) (*quoting* 45 U.S.C. §§ 157 (Third) (b) & (d)).)

      In their Opposition, Plaintiffs cite *Hornsby v. Dobard*, 291 F.2d 483 (5th Cir. 1961), for the first time.  (*See* Opp. at 11.)  There, the Fifth Circuit reversed the dismissal of an employee's lawsuit challenging a decision of the National Railroad Adjustment Board, and remanded for a determination of whether there had been a due process violation, where a Board member allegedly said that he could not be expected to rule in the employee's favor because he (the Board member) was an employee of the union and would not jeopardize his salary by voting in favor of the employee and against the union.  *Id.* at 485, 487.  The plaintiff's allegation of bias in *Hornsby* is far more substantial than any allegation in Plaintiffs' First Amended Complaint.  Moreover, the arbitration tribunal in *Hornsby* did not include a neutral arbitrator – unlike in the instant case, where the Arbitration Board's decision was rendered by the neutral arbitrator – and, upon remand, the employee's due process contentions were rejected in their entirety.  *See Hornsby v. Dobard*, 232 F. Supp. 25, 26-27 (E.D. La. 1964).

Plaintiffs also argue that the Arbitration Board's decision should be set aside because the Company- and Union-designated Board members allegedly expressed their views on the merits of Plaintiffs' grievances prior to the *Clark Arbitration* hearing.  (*See* Opp. at 8.)  The Supreme Court, however, long ago rejected Plaintiffs' theory.  In *Federal Trade Commission v. Cement Institute*, 333 U.S. 683 (1948), a trade organization argued that certain FTC commissioners were impermissibly biased due to their prior statements that specific sales practices (which were the subject of a hearing) were illegal.  *See id*. at 702–03.  The Supreme Court held:  "[No] decision of this Court would require us to hold that it would be a violation of procedural due process for a judge to sit in a case after he had expressed an opinion as to whether certain types of conduct were prohibited by law.  In fact, judges frequently try the same case more than once and decide identical issues each time."  *Id*.  If an Arbitration Board member's pre-hearing denial of Plaintiffs' request for payments under the Equity Participation LOA would not disqualify him as an Article Three judge, it certainly does not disqualify him from serving as a member of the Arbitration Board.

Lastly, Plaintiffs assert that they had a vested right to payments under the Equity Participation LOA in light of the Supreme Court's decision in *M & G Polymers USA, LLC v. Tackett*, 135 S. Ct. 926 (2015).  (*See* Opp. at 12.)  But Plaintiffs made the exact same argument (relying on the exact same case) to the Adjustment Board during the *Clark Arbitration* and, unsurprisingly, Arbitrator LaRocco rejected the argument.  (*See* ECF No. 12-2 at ¶ 3; Ex. 1 (*Clark Arbitration* Decision) at ECF pp. 39-41.)  It is hornbook law that Plaintiffs' disagreement with the arbitrator's reasoning is ***not*** a basis for judicial review.

**II.    Plaintiffs' Common-Law Claims, For Promissory Estoppel And Unjust Enrichment, Should Be Dismissed.**

Plaintiffs' attempt to salvage their claims for equitable relief are also meritless, as they again fail to address any of the arguments in Frontier's Motion.  In particular, under Iowa law, express contracts and implied contracts cannot coexist with respect to the same subject matter, and the law does not imply a contract when there is an express contract.  *See GreatAmerica Leasing Corp. v. Rohr–Tippe Motors, Inc.*, 387 F. Supp. 2d 992, 997 (N.D. Iowa 2005) (recognizing the "near universal rule of contracts that an express contract and an implied contract cannot co-exist"); *see also* Motion at 17-19.  Here, there are indisputably express contracts addressing the same subject matter as Plaintiffs' equitable claims.  Although Plaintiffs assert they can bring an unjust enrichment claim if they plead in the alternative that there are no express contracts (*see* Opp. at 16), they cannot foist a fabrication upon this Court.  Plaintiffs have never disputed the existence of express contracts – indeed, the terms of those contracts are quoted in their First Amended Complaint.  Their equitable claims should therefore be dismissed.

Dated:  May 31, 2019.

O'MELVENY & MYERS LLP

By: /s/ *Chris A. Hollinger*
Chris A. Hollinger (*pro hac vice*)

Two Embarcadero Center
28th Floor
San Francisco, CA 94111
Telephone: (415) 984-8700
E-mail: chollinger@omm.com

        Matthew C. McDermott
        Ryan G. Koopmans
        BELIN McCORMICK, P.C.
        666 Walnut Street, Suite 2000
        Des Moines, IA  50309-3989
        Telephone:  (515) 283-4643; (515) 283-4617
        Facsimile: (515) 558-0643; (515) 558-0617
        E-mail:  mmcdermott@belinmccormick.com
                  rkoopmans@belinmccormick.com

        **ATTORNEYS FOR DEFENDANT**
        **FRONTIER AIRLINES, INC.**

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon the parties to this action by serving a copy upon party listed below on April 26, 2019 by

☑ Electronic Filing System    ☐ Other _____

Kellie L. Paschke
Skinner & Paschke, PLLC
204 West Hickman Road
Waukee, IA 50263
kellie@splawiowa.com; beth@splawiowa.com

Jason D. Walke
Walke Law, LLC
204 West Hickman Road
Waukee, IA 50263
jwalke@walkelaw.com; nphifer@walkelaw.com

Signature:   */s/ Chris A. Hollinger*