IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| ADELINE CLARK, et. al, | Case No. 4:19-cv-00012-JEG-RAW |
| Plaintiffs, | **DEFENDANT FRONTIER AIRLINES, INC.'S RESPONSE TO PLAINTIFFS' OBJECTION TO REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| v. | |
| FRONTIER AIRLINES, INC., | |
| Defendant. | |

Defendant Frontier Airlines, Inc. ("Frontier") submits the following response to Plaintiffs' Objection To Report And Recommendation Of Magistrate Judge ("Objection") (ECF No. 19).

## Introduction

Plaintiffs' allegations have now been rejected three times:  first, by the Magistrate Judge (adopted by this Court) in *Clark, et al. v. Frontier Airlines, Inc*., No. 4:17-cv-00452-JEG-RAW (S.D. Iowa) ("*Clark I*"); second, by the Frontier Airlines Flight Attendant System Board Of Adjustment ("Board of Adjustment"); and finally, by the Magistrate Judge once again.  (*See* Report And Recommendation On Defendant Frontier Airlines, Inc.'s Motion To Dismiss Plaintiffs' First Amended And Substituted Complaint ("R&R") (ECF No. 18).)  The Magistrate Judge thoroughly considered all of Plaintiffs' arguments in resistance to Frontier's motion to dismiss the First Amended and Substituted Complaint ("FAC") and correctly concluded that Plaintiffs' FAC should be dismissed for failure to state a claim upon which relief can be granted.  Plaintiffs make a few new arguments in their Objection – arguments which were not presented to the Magistrate Judge and therefore have been waived, and which, in any event, are unavailing.  Plaintiffs otherwise repeat the same arguments they made before without providing any basis for this Court to reject the Magistrate Judge's reasoning – presumably, because there is none.

This Court should adopt the R&R and dismiss Plaintiffs' FAC with prejudice.

1

I.    **Plaintiffs' Claim For Judicial Review Of The Board Of Adjustment's Decision Should Be Dismissed.**

A.    **Plaintiffs Have Failed To Establish That The Board Of Adjustment Violated The Railway Labor Act.**

Plaintiffs' main argument in their Objection, namely, that they were allegedly deprived of a "full and fair hearing" because two Board members, Howard Diamond and Edward Gilmartin, were involved in some of the underlying events at issue and expressed positions on the merits adverse to Plaintiffs (*see* ECF No. 19 at 3-5), was thoroughly considered and correctly rejected by the Magistrate.  As explained in the R&R:  "[T]here is no statutory, or persuasive case law to which the Court has been referred, which would support the proposition underlying plaintiffs' argument that the fair hearing requirement is violated unless System Board members appointed by the union and carrier are disinterested and uninvolved in the matter being grieved."  (ECF No. 18 at 12.)

Plaintiffs' additional argument, i.e., that the Board of Adjustment violated the Railway Labor Act ("RLA") by allegedly preventing them from calling Mr. Diamond and Mr. Gilmartin as witnesses (*see* ECF No. 19 at 5), should be rejected because Plaintiffs do not contend – in their FAC, their briefing before the Magistrate Judge, or in their Objection – that they requested testimony from Mr. Diamond or Mr. Gilmartin during the course of the arbitration proceedings, and a review of the hearing transcript confirms they did not.  As such, Plaintiffs' argument is waived.  *See Goff v. Dakota, Minn. & E. R.R. Corp.*, 276 F.3d 992, 998 (8th Cir. 2002) (alleged procedural defects in arbitration may be waived "by failing to bring [the issue] to the arbitrator's attention in time to cure the defects") (citation omitted).

B.    **Plaintiffs Have Failed To Establish That The Board Of Adjustment Deprived Them Of Due Process.**

The repackaged due process arguments in Plaintiffs' Objection (*see* ECF No. 19 at 5-8) were thoroughly considered and correctly rejected by the Magistrate, because the cases cited by

Plaintiffs were "factually distinct," "[n]one involved a neutral decision-maker who authored the written decision under review," "[t]hey do not convincingly support the proposition that due process requires union and company members of a System Board of Adjustment be disinterested, with no involvement in or knowledge of the subject matter of the grievance . . . ," and "[t]o so hold would be an unprecedented departure from the norms of practice and procedure of System Boards of Adjustment under the RLA."  (ECF No. 18 at 15.)

In reasserting their due process theory, Plaintiffs rely extensively on *Brotherhood of Locomotive Engineers International Union v. Union Pacific Railroad Company*, 134 F.3d 1325 (8th Cir. 1998) ("*BLE*").  (*See* ECF No. 19 at 6-7.)  Because Plaintiffs did not mention this decision in their briefing before the Magistrate, their argument has been waived.  *See Ridenour v. Boehringer Ingelheim Pharm., Inc.*, 679 F.3d 1062, 1066-1067 (8th Cir. 2012) ("Just as parties cannot present arguments to the appellate court that they did not raise before the district court, [p]arties must take before the magistrate, not only their best shot but all of their shots") (quotation marks omitted); *East Iowa Plastics, Inc. v. PI, Inc.*, No. C12-2088, 2014 WL 4463232, at *3 (N.D. Iowa Sept. 10, 2014) (applying *Ridenour* where litigant merely "expanded its discussion" of issue previously submitted to magistrate).

In any event, Plaintiffs' newfound reliance on *BLE* is misplaced.  As the Eighth Circuit explained, "In this [i.e., the *BLE*] case, we address the question of what participatory rights in an arbitration proceeding exist under the RLA when it involves two labor unions and a rail carrier," 134 F.3d at 1327, and, more specifically, "both unions have a right to representation on the board [of adjustment] where the dispute involves a contract provision common to both unions' CBAs with the same carrier." *Id*. at 1333.  That was not the situation here, where the arbitration involved one labor union, one air carrier, one group of individuals, and only one collective bargaining agreement.  Moreover, the Eighth Circuit precedent which the *BLE* panel felt constrained to follow

3

was animated by a concern that "[a]n aggrieved employee cannot help but feel that his interests in an arbitration proceeding will be better served if his union representative sits in on the closed door discussions that follow a presentation than if a representative of a union to which he does not belong or to which he has not entrusted the adjustment of his grievance has this privilege." *Id.* (quoting *Gen. Comm. of Adjustment v. Burlington N., Inc.*, 563 F.2d 1279, 1284 (8th Cir. 1977). But here, Plaintiffs do not contend – in their FAC, their briefing before the Magistrate Judge, or in their Objection – that there were any such "closed door discussions" and in fact there were not.

Lastly, Plaintiffs rely on another newly-cited decision, the magistrate's report and recommendation in *Schwartz v. IAM Dist. 141*, No. 17-cv-0717, 2018 U.S. Dist. LEXIS 94538 (D. Minn. Mar. 19, 2018), in rehashing their argument that the arbitration was "doomed from the start." (*See* ECF No. 19 at 8.)  *Schwartz* stands for the same proposition asserted in Plaintiffs' prior briefing before the Magistrate Judge – i.e., that, under certain circumstances, there may be a "futility exception" to the exclusive jurisdiction of RLA boards of adjustment to adjudicate the merits of CBA-interpretation disputes.  (*See* ECF No. 15 at 11 ("collusion between union and employer would render remedies under arbitration provisions of RLA futile").)  The Magistrate here thoroughly considered and correctly rejected Plaintiffs' argument:  "[T]he Eighth Circuit has thus far limited due process inquiry into RLA Board proceedings to assuring the procedures required by the statute have been followed.  [¶]  Assuming . . . that evident Board member bias or hostility which affects the fairness and reliability of the process would offend due process, for reasons previously given that has not been sufficiently alleged."  (ECF No. 18 at 16.)[1]

---

[1]      Moreover, in rejecting the applicability of the "futility exception" in *Schwartz*, the magistrate explained that "[t]he mere fact that the union disagrees with the dismissed employees on the merits of their wrongful discharge claim does not mean that resort to the Adjustment Board would be 'absolutely futile.'" 2018 U.S. Dist. LEXIS 94538, at *13-14 (*quoting Bautista v. Pan Am. World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987)), adopted in relevant part by *Schwartz v. IAM Dist. 141*, No. 17-cv-0717, 2018 U.S. Dist. LEXIS 93041, at *5 (D. Minn. June 4, 2018).

II.    **Plaintiffs' Claims For Breach Of Collective Bargaining Agreement, Promissory Estoppel, And Unjust Enrichment Should Be Dismissed.**

In their Objection, Plaintiffs reargue at length their alleged contractual entitlement to the Equity Participation Payments (*see* ECF No. 19 at 8-10), but Arbitrator LaRocco rejected Plaintiffs' arguments and the Magistrate Judge correctly determined there was no legal basis for a federal court to review the Arbitrator's decision: "This Court accordingly lacks jurisdiction to decide the vesting claim anew.  The Court is limited to the judicial review of the Board's proceedings as provided in the RLA.  As stated before, the scope of that review is very narrow." (ECF No. 18 at 18 (internal quotation marks and citation omitted).)

With respect to promissory estoppel and unjust enrichment, the Magistrate Judge correctly ruled that those claims cannot be maintained where, as here, there is an express contract on the same subject.  (*See* ECF No. 18 at 20-21 & 24-26.)  Plaintiffs' Objection offers no basis to challenge the soundness of the R&R's legal analysis on this point.  The Magistrate Judge, alternatively, recommended dismissal of Plaintiffs' promissory estoppel claim because the FAC was "too conclusory, nonspecific and lacking in clarity to adequately plead a 'clear and definite promise' on which relief could be granted."  (*Id*. at 23.)  In their Objection, Plaintiffs profess the need to conduct discovery in order to supply the missing details regarding Frontier's alleged promises.  (*See* ECF No. 19 at 11.)  This argument was not presented to the Magistrate Judge and has thus been waived.  *See Ridenour*, 679 F.3d at 1066-1067.  More fundamentally, additional details about Frontier's alleged promises pertaining to the Equity Participation Payments would not change the fact that there was an express contract on the same subject, thereby defeating Plaintiffs' promissory estoppel claim once and for all.

## Conclusion

For the reasons set forth above, as well as those contained in the Magistrate Judge's Report and Recommendation, Plaintiffs' First Amended and Substituted Complaint should be dismissed in

its entirety with prejudice.

Dated: December 23, 2019.

| | |
|---|---|
| O'MELVENY & MYERS LLP<br><br>By: _/s/ Chris A. Hollinger_<br>Chris A. Hollinger (_pro hac vice_)<br><br>Two Embarcadero Center, 28th Floor<br>San Francisco, CA 94111<br>Telephone: (415) 984-8700<br><br>E-mail: chollinger@omm.com | Matthew C. McDermott<br>Ryan G. Koopmans<br><br>BELIN McCORMICK, P.C.<br>666 Walnut Street<br>Suite 2000 Des Moines, IA 50309-3989<br>Telephone: (515) 283-4643; (515) 283-4617<br>Facsimile: (515) 558-0643; (515) 558-0617<br><br>E-mail:mmcdermott@belinmccormick.com<br>rkoopmans@belinmccormick.com<br><br>ATTORNEYS FOR DEFENDANT<br>FRONTIER AIRLINES, INC. |

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon the parties to this action by serving a copy upon party listed below on December 23, 2019 by

X Electronic Filing System

Kellie L. Paschke
Skinner & Paschke, PLLC
204 West Hickman Road
Waukee, IA 50263
kellie@splawiowa.com; beth@splawiowa.com

Jason D. Walke
Walke Law, LLC
204 West Hickman Road
Waukee, IA 50263
jwalke@walkelaw.com; nphifer@walkelaw.com

Signature:    _/s/ Chris A. Hollinger_
_____