IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| ADELINE CLARK, et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>FRONTIER AIRLINES, INC.,<br><br>    Defendant. | No. 4:19-cv-00012-JEG<br><br><br>**O R D E R** |

    This matter was considered by Hon. Ross A. Walters as permitted by LR 72.1(d) and under authority of 28 U.S.C. § 636(b)(1)(B) for submission of a Report and Recommendation regarding disposition. Magistrate Judge Walters filed a Report and Recommendation on November 25, 2019. ECF No. 18. On December 9, 2019, Plaintiffs timely filed their Objection to the Report and Recommendation. ECF No. 19. Defendant filed a Response to Plaintiffs' Objection to the Report and Recommendation on December 23, 2019. The matter is fully submitted for this Court's review.

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.

28 U.S.C. §636(b)(1).

    As an initial point of departure, the Court concludes arguments in the Objection that were not presented to the Magistrate Judge have been waived. Ridenour v. Boehringer Ingelheim Pharm., Inc., 679 F.3d 1062, 1066-1067 (8th Cir. 2012). However, nor do the additional arguments alter the Court's conclusions upon de novo review of the Report and Recommendation.

    Upon examination of the relevant authority, the Court concurs with the analysis regarding the scope and standard for judicial review of the Board decision. The Court concludes, as did the Magistrate Judge, that there was no violation of due process under the provisions of the RLA

or other applicable law.   The Court concludes the Board decision on the vesting issue was within the Board's jurisdiction and cannot be disturbed under the appropriate standard for judicial review.   The alleged claims for Promissory Estoppel and Unjust Enrichment failed as a matter of law.

I have made a de novo review and I accept and adopt the thorough and well-reasoned Report and Recommendation of the Magistrate Judge.   Accordingly, Defendant's Motion to Dismiss, ECF No. 12, must be **granted**.   Defendant's original Motion to Dismiss, ECF No. 6, is **denied** as moot.   This case is **dismissed**.

**IT IS SO ORDERED.**

Dated this 30th day of December, 2019.

_____
JAMES E. GRITZNER, Senior Judge
U.S. DISTRICT COURT